UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN L. FOX,<br>*Plaintiff,*<br>V.<br><br>MAHADEV TRANSPORT and<br>VINOD SINGH<br>*Defendants.* | CASE NO. :<br><br><br><br><br>: OCTOBER 6, 2020 |

## COMPLAINT WITH DEMAND FOR TRIAL BY JURY

**FIRST COUNT:** (Negligence Against Vinod Singh)

1. At all relevant times, the plaintiff Brian J. Fox ("plaintiff") has been a citizen and resident of the State of Connecticut.

2. At all relevant times, the defendant Vinod Singh has been an individual residing in the State of California.

3. At all relevant times, the defendant Mahadev Transport has been a corporation organized and existing under the laws of the State of California.

4. Plaintiff's claims arise out of a motor vehicle collision occurring in the Town of Greenwich, Connecticut and venue is proper in this Federal district.

5. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

6. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states.

7. On January 18, 2019 at approximately 11:16 a.m., the plaintiff was driving a 2018 BMW he owned northbound in the right hand lane of Connecticut State Route 15, sometimes known as the Merritt Parkway, in Greenwich, Connecticut between the Exit 28 off-ramp and the Exit 28 entrance ramp.

8. At that time, the defendant Vinod Singh, was a driving a 2015 Freightliner

tractor towing a utility trailer ("a tractor trailer rig") in the right lane of Route 15, between the Exit 28 off ramp and the Exit 28 entrance ramp, and in front of plaintiff's vehicle.

9. The tractor portion of Singh's tractor-trailer rig was owned by the defendant Mahadev Transport.

10. At that time and place, the defendant Singh was operating the Mahadev Transport tractor trailer rig as an agent or employee of defendant Mahadev Transport, and acting within the scope of his authority as such agent.

11. At that time and place, the defendant Singh had determined that the tractor trailer rig he was operating was too tall to fit under one of the overpasses on the Merritt Parkway, and was therefore backing his rig up, against traffic, in the right hand lane of the Merritt Parkway, Route 15 northbound.

12. At that time and place, the defendant backed his tractor trailer into plaintiff's vehicle while plaintiff was traveling northbound, causing a high speed collision, and causing plaintiff to suffer the injuries and losses alleged below.

13. The injuries and losses sustained by the plaintiff were caused by the negligence of the defendant Singh in one or more of the following respects:

a. in that he was operating the tractor trailer rig illegally on the Merritt Parkway because the Merritt Parkway is closed to all commercial vehicles, including tractor trailer rigs, in part because the Merritt Parkway overpasses are too short to allow sufficient clearance for tractor trailer rigs to driver under them, and because the travel lanes and breakdown areas are too narrow to permit trucks to operate safely;

b. in that defendant Singh was operating his vehicle in violation of Connecticut General Statute § 14-298, Failure to obey State traffic control signs, in that he did not obey, but disregarded, State traffic control signs warning him that the Merritt Parkway was closed to commercial traffic;

c. in that he failed to know or observe proper protocol for basic maneuvers such as backing, and when and where it is safe to do so, pursuant to 49 C.F.R. § 383.111;

  d. in that he was backing his tractor trailer rig up in the northbound travel lane of Route 15 when it was unsafe for him to do so, in violation of Connecticut General Statute §§ 14-243(b), 14-237, and 14-239;

  e. in that he was operating his motor vehicle at an unreasonable rate of speed (backing up ) in the travel lane of a divided highway where traffic normally proceeds in a forward direction only at speeds approximately 55 miles per hour or more;

  f. in that he failed to keep his vehicle under reasonable and proper control;

  g. in that he failed to keep a proper and reasonable lookout for other vehicles on the highway;

  h. in that he failed to move his vehicle to the right, out of the travel lane of the highway, after he learned that he could not proceed under the Merritt Parkway overpasses;

  i. in that he failed to obtain police or other assistance to help him back up his tractor trailer and divert traffic so that he could reverse off the highway without posing an unreasonable risk of collision to other motorists;

  j. in that he failed to plan his route properly to travel only on roadways where commercial traffic was permitted; and

  k. in that he failed to take evasive action to avoid the collision.

  14. As a result of the defendant's Singh's negligence as alleged, the plaintiff sustained severe, painful, and permanent injuries. He sustained a severe shock to his nervous system; a cerebral concussion with loss of consciousness; headaches and other post-concussion symptoms; impact injury to his left hand when it was caused to impact into, and through, the windshield of plaintiff's vehicle; contusions and lacerations of the left hand requiring surgical repair; puncture injuries to the left hand with retained glass fragments; contusion of his chest wall; right foot hematoma with sprain and strain of the right foot; tear of the plantar plate in the right foot; sprain and strain of the low back and mid-back; contusion of the right big toe; sprain, strain and other related

injuries to the central scapholunate ligament in the left wrist; pisotriquetral synovitis; sprain of the metatarsal phalangeal joint of the right great toe; and signs and symptoms of post-traumatic stress. All of said injuries have caused him great pain and suffering, distress of mind, embarrassment, and humiliation. Damages from his injuries are ongoing.

15. Plaintiff was required to spend money for emergency medical treatment, diagnostic imaging, hospital care, physical therapy, drugs and medicines, anesthesia and surgery expense to repair damage to the tendons and ligaments of his left wrist, and for care of his neurological and psychiatric injuries, and will incur further such medical expenses in the future. His damages are continuing to accrue.

16. Plaintiff's ability to carry on life's activities and to enjoy them to the fullest has been impaired, and will be impaired in the future and will be permanently impaired.

**SECOND COUNT:** (Respondeat Superior Liability against Mahadev Transport)

17-32. The allegations of Paragraphs 1 through 16 of the First Count of the Complaint are incorporated herein by reference as if fully alleged herein.

33. At all relevant times the defendant Mahadev Transport employed Vinod Singh, or otherwise authorized and empowered him to drive Mahadev's tractor trailer rig at all relevant times for its business purposes, and therefore Mahadev Transport is liable and legally responsible for injuries and losses caused by defendant Singh's negligent driving in the course of his employment under the doctrine of respondeat superior.

**THIRD COUNT:** (Liability for Negligent Hiring, Training and Supervision against Mahadev Transport)

34.- 49. The allegations of Paragraphs 1 through 16 of the First Count of the Complaint are incorporated herein by reference as if fully alleged herein.

50. At all relevant times, the defendant Mahadev was engaged in hauling freight by road in interstate commerce.

51. At all relevant times, the defendant Mahadev Transport employed Vinod Singh, or otherwise authorized and empowered him to drive Mahadev's tractor trailer rig.

52. Mahadev was responsible for hiring, training, and supervising its truck drivers so that they could drive tractor trailer rigs safely in interstate commerce.

53. Mahadev negligently hired, trained, and supervised defendant Singh in one or more of the following respects:

a. In that they hired Singh when he was insufficiently skilled and experienced to drive a tractor trailer in interstate commerce in Connecticut;

b. In that they failed and refused to train him adequately or otherwise ensure that he was qualified to choose a route that would avoid roads where commercial traffic was prohibited in violation of 49 C.F.R. §§ 391.11 and 390.3(e) as adopted in Conn. Regs. § 14-163c-1;

c. in that they failed and refused to equip him with equipment and instructions to advise him or otherwise ensure that he was qualified to discern that the Merritt Parkway (Route 15) was and had been closed to commercial traffic in violation of 49 C.F.R. §§ 391.11 and 390.3(e) as adopted in Conn. Regs. § 14-163c-1;

d. in that they failed to train him in ways to extricate his tractor-trailer safely from low-underpass situations without endangering other traffic on the road in violation of 49 C.F.R. §§ 391.11 and 390.3(e) as adopted in Conn. Regs. § 14-163c-1

e. in that they failed to train him adequately not to drive in a reckless manner in violation of 49 C.F.R. §§ 391.11 and 390.3(e) as adopted in Conn. Regs. § 14-163c-1;

f. in that they failed to supervise him adequately to discover and correct the deficiencies in his knowledge, training, and experience, and to correct same.

54. As a result of Mahadev's negligence plaintiff sustained injuries and losses as alleged.

**FOURTH COUNT:** (Liability for Reckless Driving Against Defendant Singh)

55.- 66.  The allegations of Paragraphs 1 through 12 of the First Count of the Complaint are incorporated herein by reference as if fully alleged herein.

67. At all relevant times the defendant Singh held a commercial driver's license issued by the State of California and was licensed to operate tractor trailer rigs in interstate commerce, and was subject to regulation under United States law and under Connecticut law, to drive full sized eighteen wheeler tractor trailer rigs on highways that were designed and maintained for, and lawfully permitted, to carry tractor trailer rigs, and as such the defendant Singh had owed a heightened duty of care to other drivers on the roadway to operate his truck safely and to avoid causing serious personal injury to other motorists.

68. At all relevant times defendant Singh was aware that certain highways were crossed by overpasses which were too low to permit tractor trailer rigs to pass safely underneath them.

69. At all relevant times, defendant Singh was aware that certain limited access highways were regulated to prohibit the operation of tractor trailer rigs thereon.

70. At all relevant times, defendant Singh was aware that certain highways in the northeastern part of the United States, including the Tri-State area comprising of Connecticut, New York and New Jersey, contained older, very highly congested highways, some of which were designated as unfit for travel by tractor trailers and some of which prohibited travel by tractor trailers.

71. At all relevant times, defendant Singh knew that on divided highways motor vehicles traveled at high rates of speed, in one direction only, in lanes that were specifically designed and marked for travel in one direction only at high rates of speed.

72. At all relevant times, defendant Singh knew that slowing and stopping his tractor trailer rig in the travel portion of a limited access highway posed a great risk to motorists approaching his tractor trailer from the rear.

73. At all relevant times, defendant Singh knew that causing his vehicle to reverse directions or back up in a travel lane on a limited access highway designed for and marked for forward travel only, posed an extraordinary risk to motor vehicles approaching from his rear, whose drivers had no reason to expect that tractor trailer traffic in front of them would be backing up, against traffic in their lanes.

74. At all relevant times, defendant Singh knew that a large volume of traffic would be proceeding northbound in the northbound lanes of Route 15 in Greenwich, Connecticut at or around 11:15 a.m. on Friday, January 18, 2019.

75. At all relevant times, defendant Singh knew that automobile motorists on limited access highways on which tractor trailer trucks were prohibited would not expect to encounter tractor trailer trucks backing up against traffic on such limited access highways.

76. At all relevant times, the defendant Singh knew that backing up his tractor trailer truck in daylight on a limited access highway where tractor trailer trucks were prohibited, would create an extraordinarily dangerous emergency situation for automobile motorists approaching his truck from the rear.

77. At all relevant times, the defendant Singh knew that it was a violation of law for him to operate his tractor trailer rig on highways where tractor trailer rigs were prohibited.

78. At all relevant times, the defendant Singh knew that it was a violation of law for him to back up his tractor trailer against traffic in the travel lanes of limited access highways where tractor trailer trucks were prohibited.

79. The injuries and losses sustained by the plaintiff were caused by defendant Singh's reckless operation of this tractor trailer rig, in violation of Connecticut General Statutes § 14-222, in that he operated said rig on Connecticut Route 15 when he knew that operation of tractor trailer rigs on Connecticut Route 15 was prohibited by operation of law, in that he stopped and reversed his tractor trailer in the travel lane of Connecticut

7

Route 15 Northbound, when he knew that backing his tractor trailer rig against traffic on the divider highway posed an extreme risk of injury to motor vehicles approaching from his rear and was highly likely to result in a high speed collision, and in that he deliberately chose to attempt to back his tractor trailer against traffic in an effort to get the tractor trailer off the highway before he encountered law enforcement personnel who would charge him with a violation for driving illegally on the highway, and in that he backed his truck on the highway when he knew that such driving would expose approaching motorists to a high likelihood of collision and severe bodily harm, and specifically in violation of Connecticut General Statutes §§ 14-237 and 14-239 in that he backed his truck against the legally designated path of travel of vehicles on the roadway

80. The injuries and losses plaintiff sustained, alleged below, were caused by defendant's reckless operation of his tractor trailer rig as set forth above.

81. As a result of the defendant's Singh's negligence as alleged, the plaintiff sustained severe, painful, and permanent injuries. He sustained a severe shock to his nervous system; a cerebral concussion with loss of consciousness; headaches and other post-concussion symptoms; impact injury to his left hand when it was caused to impact into, and through, the windshield of plaintiff's vehicle; contusions and lacerations of the left hand requiring surgical repair; puncture injuries to the left hand with retained glass fragments; contusion of his chest wall; right foot hematoma with sprain and strain of the right foot; tear of the plantar plate in the right foot; sprain and strain of the low back and mid-back; contusion of the right big toe; sprain, strain and other related injuries to the central scapholunate ligament in the left wrist; pisotriquetral synovitis; sprain of the metatarsal phalangeal joint of the right great toe; and signs and symptoms of post-traumatic stress. All of said injuries have caused him great pain and suffering, distress of mind, embarrassment, and humiliation. Damages from his injuries are ongoing.

82. Plaintiff was required to spend money for emergency medical treatment,

diagnostic imaging, hospital care, physical therapy, drugs and medicines, anesthesia and surgery expense to repair damage to the tendons and ligaments of his left wrist, and for care of his neurological and psychiatric injuries, and will incur further such medical expenses in the future. His damages are continuing to accrue.

83. Plaintiff's ability to carry on life's activities and to enjoy them to the fullest has been impaired, and will be impaired in the future and will be permanently impaired.

**FIFTH COUNT**: (Damages for Recklessness against Defendant Mahadev Transport)

84.- 112. The allegations of Paragraphs 55 through 83 of the Fourth Count of the Complaint are incorporated herein by reference as if fully alleged herein.

113. Defendant Mahadev Transport employed defendant Singh or empowered him as agent to operate Mahadev Transport tractor trailer rigs on the highway.

114. Defendant Mahadev had a common law and state and federal regulatory duty to motorists sharing the highway to make certain that it properly and adequately hired, and maintained, and supervised its drivers including defendant Singh to make sure that they did not operate tractor trailer rigs recklessly on the highways over which they drove.

115. Defendant Mahadev, its agents and employees failed and refused to hire, train and supervise defendant Singh properly so that he would not drive his tractor trailer rig recklessly on highways, by operating said motor vehicle on divided highways where tractor trailer trucks were prohibited from operation, and where he would not cause these vehicles to stop and back up in travel lanes, against the flow of traffic, and expose motorists to a high likelihood of severe bodily harm, in one or more of the following respects:

    a. In that they hired Singh when he was insufficiently skilled and experienced to drive a tractor trailer in interstate commerce in Connecticut in violation of 49 C.F.R. §§ 391.11 and 390.3(e) as adopted in Conn. Regs. § 14-163c-1;

    b. In that they failed and refused to train him adequately to choose a route that

9

would avoid roads where commercial traffic was prohibited in violation of 49 C.F.R. §§ 391.11 and 390.3(e) as adopted in Conn. Regs. § 14-163c-1;

    c. in that they failed and refused to equip him with equipment and instructions to advise him that the Merritt Parkway (Route 15) was and had been closed to commercial traffic in violation of 49 C.F.R. §§ 391.11 and 390.3(e) as adopted in Conn. Regs. § 14-163c-1;

    d. in that they failed to train him in ways to extricate his tractor-trailer safely from low-underpass situations without endangering other traffic on the road in violation of 49 C.F.R. §§ 391.11 and 390.3(e) as adopted in Conn. Regs. § 14-163c-1;

    e. in that they failed to train him adequately not to drive in a reckless manner in violation of 49 C.F.R. §§ 391.11 and 390.3(e) as adopted in Conn. Regs. § 14-163c-1;

    f. in that they failed to supervise him adequately to discover and correct the deficiencies in his knowledge, training, and experience, and to correct same in violation of 49 C.F.R. §§ 391.11 and 390.3(e) as adopted in Conn. Regs. § 14-163c-1.

    116. The injuries and losses plaintiff sustained were caused by the recklessness of the defendant Mahadev as alleged. WHEREFORE, the plaintiff claims relief as follows:

The plaintiff claims:

1. Compensatory damages in the amount of One Million ($1,000,000.00) Dollars.
2. exemplary and punitive damages for reckless operation of motor vehicle against all defendants in the amount of Two Million ($2,000,000.00) Dollars.
3. Double or treble damages for reckless driving pursuant to Connecticut General Statutes § 14-295.

### JURY DEMAND

The plaintiff demands trial by jury in this case.

THE PLAINTIFF,
BRIAN FOX

By_____/s/_____
Jonathan Katz (ct00182)
Joseph E. Gasser (ct30299)
JACOBS & DOW, LLC
350 Orange Street
New Haven, CT 06511
203-772-3100 (phone)
203-772-1691 (fax)
jkatz@jacobslaw.com
jgasser@jacobslaw.com